IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

---

HECNY SHIPPING LIMITED,

    *Plaintiff*,

v.

HYC LOGISTICS, INC.,

    *Defendant*.

Case No. 1:25-cv-26028-JIC

"IN ADMIRALTY"

---

### DEFENDANT HYC LOGISTICS INC.'S
### VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM
### TO PLAINTIFF'S VERIFIED COMPLAINT

Defendant HYC Logistics, Inc. ("HYC"), by and through its undersigned counsel, hereby submits this Answer with Affirmative Defenses and Counterclaim to Plaintiff HECNY Shipping Limited's ("HECNY") Verified Complaint [DE 1].

Filed contemporaneously herewith, HYC moves the Court to Vacate the Maritime Attachment, asserted by HECNY pursuant to Supplemental Rule E(4)(f) of the Federal Rules of Civil Procedure, or, in the alternative, to reduce the amount of security under Supplemental Rule E(6).

HYC hereby denies each and every allegation of the Complaint not expressly admitted herein. Any answer or response by HYC that HYC lacks sufficient knowledge or information to admit or deny a specific allegation, or part thereof, shall be intended —if an affirmative admission or denial is required by the Court— to be a denial. Any answer or response by HYC that an allegation makes a legal conclusion shall be intended —if an affirmative admission or denial is required by the Court— to be a denial.

Now, in answer to each of the numbered paragraphs of the Complaint, HYC answers as follows:

## SUBJECT MATTER JURISDICTION

1. Denied. The claims that are the subject of this dispute are not maritime in nature; instead, they arise from a Non-Exclusive Agency Agreement involving primarily non-maritime logistics services, including customs clearance, trucking, and distribution. The Non-Exclusive Agency Agreement does not fall within admiralty jurisdiction.

## VENUE

2. Denied. HYC denies that venue is proper in this District for the substantive claims, as the underlying agency agreement was executed and performed primarily outside this District, and the alleged breaches occurred in connection with shipments to ports outside of this District. HYC further denies that any property "due and owing" to HYC is properly attachable in this District, as detailed in the Motion to Vacate. The mere presence of a garnishee (OJ Commerce, LLC) in this District does not establish venue for the merits, particularly where a parallel action on the same claims is pending in the Western District of Tennessee, in a case styled *HECNY Shipping Limited vs. HYC Logistics, Inc.,* 2:25-cv-024999-MSN, where both parties have sufficient contacts.

## PARTIES

3. HYC lacks sufficient information to admit or deny HECNY's corporate status; however, based upon prior statements of HECNY, HYC believes that HECNY is registered as a non-vessel operating common carrier ("NVOCC"). HYC demands strict proof thereof.

4. Admitted.

## **RELEVANT FACTUAL BACKGROUND**

5. Admitted in part; Denied in part. HYC admits that on or about May 2, 2013, the parties entered into a non-exclusive agency agreement (the "Agreement"). HYC denies any characterization of the Agreement as the Agreement speaks for itself. Any allegations inconsistent with the Agreement's terms are hereby denied and HYC demands strict proof thereof.

6. Admitted in part; Denied in part. HYC admits that on or about May 2, 2013, the parties entered into a non-exclusive agency agreement (the "Agreement"). HYC denies any characterization of the Agreement as the Agreement speaks for itself. Any allegations inconsistent with the Agreement's terms are hereby denied and HYC demands strict proof thereof.

7. Admitted in part; Denied in part. HYC admits that on or about May 2, 2013, the parties entered into a non-exclusive agency agreement (the "Agreement"). HYC denies any characterization of the Agreement as the Agreement speaks for itself. Any allegations inconsistent with the Agreement's terms are hereby denied and HYC demands strict proof thereof.

8. HYC admits it provided logistics services for the benefit of Louise Paris, Ltd.  HYC denies the remaining allegations in this paragraph.

9. Denied.

10. Admitted that HYC has now been told that Louise Paris, Ltd. failed to make certain payments.  HYC denies the remaining allegations asserted in this paragraph.

11. Denied and HYC demands strict proof thereof.

**A.     The Detail Fashion Litigation**

12.  HYC is without knowledge sufficient to form a belief as to the veracity of the allegation stated in this paragraph.  As such, HYC denies the allegation and demands strict proof thereof.  Moreover, the allegation does not make sense, as it alleges "DFL shipped with HSL ten

containers holding cartons said to contain women's apparel with HECNY, for which HECNY nine "house" bills of lading for the shipments."

13. HYC is without knowledge sufficient to form a belief as to the veracity of the allegation stated in this paragraph. As such, HYC denies the allegation and demands strict proof thereof. HYC demands strict proof thereof.

14. Admitted in part; Denied in part. HYC admits receipt of a claim from HECNY that DFL had asserted a claim, but HECNY never provided HYC with any intelligible documentation that verified any such claim. Moreover, HYC denies any obligation to assume defense or to indemnify HECNY.

15. Admitted that HYC arranged for payment to DFL in conjunction with a separate written agreement that it had with its customer Louise Paris Ltd. The remaining allegations in this paragraph are denied and HYC demands strict proof thereof.

16. Admitted in part; Denied in part. HYC admits receipt of a claim from, but HECNY never provided HYC with any intelligible documentation that verified any such claim. Moreover, HYC denies any obligation to pay HECNY for its fees or other costs.

17. Admitted in part; Denied in part. HYC admits receipt of a claim from HECNY, but HYC denies any obligation to pay HECNY.

18. Denied.

**B.     The Ningbo Yuanlin Textiles Litigation**

19. Denied. HECNY never shipped any containers.

20. HYC is without knowledge sufficient to form a belief as to the veracity of the allegation stated in this paragraph. HECNY never provided HYC with any intelligible

documentation that verified any such claim. Moreover, HYC denies any obligation to assume defense or to indemnify HECNY. HYC demands strict proof thereof.

21.     HYC is without knowledge sufficient to form a belief as to the veracity of the allegation stated in this paragraph. That notwithstanding, HECNY has made the claim contained in this paragraph. HYC demands strict proof thereof.

22.     Denied. HYC demands strict proof thereof.

23.     HYC is without knowledge sufficient to form a belief as to the veracity of the allegation stated in this paragraph. HECNY never provided HYC with any intelligible documentation that verified any such claim. Moreover, HYC denies any obligation to assume defense or to indemnify HECNY. HYC demands strict proof thereof.

24.     No allegation requiring the admission or denial by HYC is asserted in this paragraph.

25.     Denied. HYC demands strict proof thereof.

**C.      HECNY's Claimed Damages**

26.     Denied.

27.     Denied.

28.     Denied.

**Request for Rule B Relief**

29.     This paragraph sets forth legal conclusions to which no response is required. To the extent these conclusions require a response, they are denied.

30.     This paragraph sets forth legal conclusions to which no response is required. To the extent these conclusions require a response, they are denied.

31.     This paragraph sets forth legal conclusions to which no response is required. To the extent these conclusions require a response, they are denied.

32. This paragraph sets forth legal conclusions to which no response is required. To the extent these conclusions require a response, they are denied.

33. This paragraph sets forth legal conclusions to which no response is required. To the extent these conclusions require a response, they are denied.

34. Admitted that HECNY has attached a copy of the Amended Judgment and Order on Motion for Attorneys' Fees in the matter of *HYC Logistics, Inc. v. OJ Commerce*, LLC, 2:23-cv-02050, pending in the Western District of Tennessee. Those Orders speak for themselves. HYC denies any characterization of the Orders. Any allegations inconsistent with the Orders are denied.

35. Denied.

### First Cause of Action – Breach of Contract

36. HYC sets forth all the denials in the paragraphs listed above.

37. Denied.

38. HYC acknowledges there was an Agreement. HYC denies any characterization of the Agreement as the Agreement speaks for itself. It is not a maritime agreement. Any allegations inconsistent with the Agreement's terms are denied.

39. Denied.

40. Denied.

41. Denied.

42. Admitted that HYC has secured a judgment against OJ Commerce, LLC.

43. Denied.

44. HYC denies all allegations in the Demand for Relief and demands strict proof thereof.

45. HYC denies that HECNY is entitled to any relief sought in the Complaint, including damages of $1,300,000.00 (or $1,291,892.86 as in the attachment order), interest, costs, or

attachment. The claimed amount is grossly excessive, as There's no evidence that HECNY has actually incurred any damages; the claimed settled lawsuits, as admitted by HECNY, total only $153,427.00; and the pending claimed lawsuits, as admitted by HECNY, are resolvable for less than $361,695.00. HYC's counterclaim and the amounts already attached in the Southers District of Texas offset any liability, far below the attached $808,450.00 judgment against OJ Commerce, LLC ("OJ").

46. No response is required as this paragraph constitutes a "Prayer for Relief". HYC denies that HECNY is entitled to any relief.

47. As to HENCY's prayer for relief, HYC prays that Woodlake take nothing from its Complaint and that judgment be entered in favor of HYC on all causes of action alleged, and that HYC be awarded its attorneys' fees, court costs, and discretionary costs incurred in defending against the Complaint.

## **AFFIRMATIVE DEFENSES**

Now, having fully answered each and every numbered paragraph of the Complaint, and Without waiving any denials or objections, HYC asserts the following defenses, subject to amendment.

### **First Affirmative Defense (Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), as it does not establish a valid prima facie maritime claim, causation, or damages. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006) (requiring plaintiff to show valid prima facie admiralty claim to sustain Rule B attachment)

**Second Affirmative Defense (Contributory Negligence/Comparative Fault)**

Any alleged damages were caused or contributed to by HECNY's own negligence, including failure to mitigate losses from the allege Chinese lawsuits.

**Third Affirmative Defense (Laches/Statute of Limitations)**

HECNY's claims are barred by laches or applicable statutes of limitations.

**Fourth Affirmative Defense (Waiver/Estoppel)**

HECNY waived or is estopped from asserting claims by continuing the agency relationship despite alleged breaches.

**Fifth Affirmative Defense (Offset/Setoff)**

Any recovery is subject to offset by HYC's counterclaim for damages related to HECNY's conduct.

**Sixth Affirmative Defense (Unclean Hands)**

HECNY comes to court with unclean hands, having inflated its claims and sought attachment in this District to pursue HYC while the same claims are litigated in WD TN.

**Seventh Affirmative Defense (Abuse of Process)**

The attachment is an abuse of process, as the substantive claims are already pending in the United States District Court for the Western District of Tennessee, rendering the Rule B action duplicative and unnecessary for jurisdiction or security.

**Eighth Affirmative Defense**

HYC reserves the right to amend and supplement the foregoing defenses.  This Answer should not be read or construed as a waiver of any available defense, and Capstone specifically reserved the right to assert any defense, whether set forth now or in the future.

<u>**COUNTERCLAIM**</u>

**COMES NOW** Defendant/Counter-Plaintiff HYC Logistics, Inc., ("HYC") by and through undersigned counsel of record, and hereby files this Counter-Claim against Plaintiff/Counter-Defendant HECNY Shipping Ltd. ("HECNY").

<u>**Parties and Jurisdiction**</u>

1. HYC is a for-profit corporation chartered under the laws of the State of Tennessee, and with a principal place of business in Memphis, Tennessee.

2. Defendant HECNY Shipping Ltd. is a corporation organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business in Hong Kong.

3. HYC and HECNY entered into a Non-Exclusive Agency Agreement (the "Agreement").

4. Under the Agreement, HECNY warranted that it intended to "establish a mutually beneficial and non-exclusive cooperation."  (Recitals, par. "f")

5. Under Section 6 of the Agreement, HECNY warranted to indemnify and hold HYC harmless "for any damage, delay or loss to the shipment, caused by or by reason of any negligent act, omissions, willful misconduct or misrepresentation."

6. The Agreement between HECNY and HYC is not a maritime contract.

7. HYC did not provide any services for HECNY when the cargo was enroute on the water.

8. Instead, HYC only began to act once the cargo reached the United States port.

9. HYC coordinated logistics and freight forwarding via its trucking lines within the United States.  HYC's duties included land-based or administrative: promoting services including

customs clearance, trucking, and distribution (Clause 1.1 intro); sales/marketing/customer service (c); rate quotations (b); documentation/clearance (d); freight collection/remittance (e); accounting (g); communication acknowledgments (i); claims reporting (j); and confidentiality (k). Maritime duties like collecting B/Ls (a) or issuing with consent (f) are limited and ancillary.

10. HECNY's duties under the Agreement, included advising rates/procedures, sending pre-alerts, acknowledgments, profit calculations, statements and confidentiality - all of which are back-office support rolls.

11. The principal purpose for the Agreement between HECNY and HYC was to establish a non-exclusive commercial agency for business promotion and land-based logistics support, not ocean carriage.

12. The recitals made part of the Agreement between HECNY and HYC describe HECNY as a domestic "non-vessel operating common carrier and freight forwarder" and a foreign "freight forwarding company."

13. HYC was retained to "represent, market and sell" services under "mutually beneficial and non-exclusive cooperation" (Agreement Recitals (a)-(f)).

14. As such, the Agreement created a domestic agency network for broader business expansion between HYC and HECNy but not a dedicated sea transport.

15. In 2023, Louise Paris, Ltd. ("LP") placed an order for $791,000.00 worth of textiles and other goods from Detail Fashion, a Chinese manufacturer.

16. LP failed to pay Detail Fashion the $791,000.00 for those goods.

17. HECNY alleges that Detail Fashion sued it in China, claiming that the goods should not have been released by HYC without HYC first securing all of the associated third-party bills of lading.

18. The Chinese Court allegedly froze approximately $700,000.00 of HECNY's funds to secure the unpaid balance owed by LP for the goods.

19. HECNY then, to apply pressure downstream and in addition to threatening legal action, suspended delivery for goods in transit for HYC's *other* clients coming from China – crippling HYC.

20. Because of the immense strain being placed on HYC by HECNY's refusal to release HYC's *other* customers' goods, HYC obtained a bank loan sufficient to pay off Detail Fashion. HYC paid Detail Fashion $791,009.90 on LP's behalf.

21. HECNY agreed to release the goods it held for HYC's *other* customers only if HYC paid off LP's debt to Detail Fashion.

22. After HYC arranged to pay for LP's debt, Detail Fashion agreed to suspend its lawsuit against HECNY and HECNY's funds were unfrozen by the Chinese Courts.

23. There was no justification for HECNY to hold delivery and freeze goods of *other* HYC clients.

24. LP has failed and refused to reimburse HYC the $791,009.90 HYC was forced by HECNY to pay for LP.

25. As a direct and proximate result of HECNY's misconduct, HYC has been significantly, and potentially irreparably, damaged.

26. HYC is entitled to recover from HECNY for the damage and injury caused by HECNY's conduct. HYC is entitled to recover other damages, including punitive damages, from HECNY.

### First Cause of Action – Breach of Contract

27. HYC incorporates herein by reference the paragraphs set forth above as if fully set forth herein.

11

28. HYC and HECNY entered into an enforceable contract.

29. The contract is not a maritime contract

30. HECNY breached the contract when it held in port and/or suspended delivery for goods in transit for HYC's *other* clients coming from China.

31. In holding goods and/or suspending delivery of goods in transit for *other* customers of HYC, HECNY's conduct was directly in conflict with the stated goal of the Agreement to "establish a mutually beneficial and non-exclusive cooperation."

32. In holding goods and/or suspending delivery of goods in transit for *other* customers of HYC, HECNY's conduct caused significant damage and injury to HYC.

33. Under the express terms of the Agreement, HECNY is required to indemnify and hold HYC harmless "for any damage, delay or loss to the shipment, caused by or by reason of any negligent act, omissions, willful misconduct or misrepresentation."

34. By holding goods and/or suspending delivery of goods in transit for *other* customers of HYC, HECNY committed the first material breach by, among other things, failing to timely perform its duties and obligations under the Agreement.

35. HECNY materially breached the Agreement by acting in bad faith with HYC.

36. The material first breaches of HECNY relieve HYC from any subsequent breaches of the Agreement.

37. The material first breaches of HECNY entitle HYC to damages.

38. HYC has suffered actual damages in excess of $900,000.00, plus lost revenue resulting from a loss of clients.

39. HYC has also suffered damages by being forced to incur attorney's fees and litigation costs defending this litigation.

**Second Cause of Action - Breach of the Implied Covenant of Good Faith and Dealing**

40. Counter-Plaintiff incorporates herein by reference the paragraphs set forth above as if fully set forth herein.

41. HECNY maintained an implied covenant of good faith and dealing under the Agreement.

42. The material misconduct of HECNY, as described herein, are violations of this covenant of good faith and dealing which has caused HYC substantial injury and harm.

43. HECNY is liable to HYC for damages.

44. HYC has suffered actual damages in excess of $900,000.00, plus lost revenue resulting from a loss of clients.

45. HYC has also suffered damages by being forced to incur attorney's fees and litigation costs defending this litigation.

**Third Cause of Action - Misappropriation/Conversion**

46. Counter-Plaintiff incorporates herein by reference the paragraphs set forth above as if fully set forth herein.

47. HYC held a superior possessory right to the containers and goods that were held by HECNY unlawful.

48. HECNY leveraged its unauthorized seizure of those containers to force HYC into paying a debt owed by LP.

49. HECNY exercised unauthorized control over the goods in the shipping containers and deprived HYC of its access to the containers and goods, thus depriving HYC's customers to their rightful use and benefit of said goods.

50. This material misconduct of HECNY stated herein, is misappropriation and conversion under the law which has now caused HYC substantial injury and harm.

13

51. HECNY is liable to HYC for damages.

52. HYC has suffered actual damages in excess of $900,000.00, plus lost revenue resulting from a loss of clients.

53. HYC has also suffered damages by being forced to incur attorney's fees and litigation costs defending this litigation.

### Fourth Cause of Action - Breach of Fiduciary Duty

54. Counter-Plaintiff incorporates herein by reference the paragraphs set forth above as if fully set forth herein.

55. HECNY maintained a fiduciary relationship with HYC.

56. In this fiduciary relationship, HECNY maintained a higher degree of trust than what would usually be present in the marketplace.

57. HECNY owed HYC a duty of care, honesty and loyalty.

58. HECNY violated these duties and breached their fiduciary obligations to HYC.

59. This breach by HECNY caused HYC substantial injury and harm.

60. HECNY is liable to HYC for damages.

### Fifth Cause of Action - Tortious Interference with Contract or Business Advantage

61. Counter-Plaintiff incorporates herein by reference the paragraphs set forth above as if fully set forth herein.

62. HECNY acted with intent to interfere in HYC's ability to conduct its business and fulfill its obligations.

63. HECNY held in port and/or froze the shipments of HYC's *other* customers.

64. This conduct is in clear contravention of proper interaction between an agent and principal.

65. The tortious interference by HECNY caused HYC substantial injury and harm.

66. HECNY is liable to HYC for damages.

67. HYC has suffered actual damages in lost revenue resulting from a loss of clients.

68. HYC has also suffered damages by being forced to incur attorney's fees and litigation costs defending this litigation.

**Sixth Cause of Action - Violation of Florida Deceptive and Unfair Trade Practices Act**

69. Counter-Plaintiff incorporates herein by reference the paragraphs set forth above as if fully set forth herein.

70. HECNY engaged in deceptive and unfair practices that caused harm to HYC.

71. These unfair and deceptive practices included, but were not limited to: (1) holding in port and/or suspending delivery for goods in transit for HYC's *other* clients coming from China – crippling HYC; (2) withholding shipments of HYC clients that were unrelated to the Louise Paris dispute to pressure HYC to pay a debt that was owed by Louise Paris to Detail Fashion; (3) making false claims about its failure to ship the goods of *other* customers of HYC; and (4) asserting and prosecuting improper claims without just cause.

72. This conduct clearly violates applicable consumer protection law.

73. HYC has sustained actual harm and loss as a result of these deceptive and unfair practices.

74. HECNY is liable to HYC for damages.

**WHEREFORE, PREMISES CONSIDERED**, the Counter-Plaintiff, prays for the following relief:

1. That proper process be issued and served upon HECNY Shipping, Ltd., and it be required to answer in the time required by law;

2. That HYC be awarded money damages against HECNY Shipping, Ltd. in an amount to be determined by the trier of fact;

15

3. That HYC be awarded punitive damages;

4. That HYC be awarded all of its costs, including attorney fees, expenses and court costs as provided by contract, at law, or in equity;

5. That HYC be awarded discretionary costs;

6. That HYC be granted such other and further relief, both general and specific, to which it may be entitled in this cause.

Respectfully submitted,

By:  /s/ Mahra C. Sarofsky
Mahra C. Sarofsky
FL Bar No. : 33637
Lippes Mathias, LLP
4420 Beacon Circle
West Palm Beach, FL 33407
561-842-3000
msarofsky@lippes.com

**GLANKLER BROWN, PLLC**

By: /s/ S. Joshua Kahane
S. Joshua Kahane (TN BPR # 23726) (phv pending)
Yosef Horowitz (TN BPR #36353) (phv pending)
6000 Poplar Avenue, Suite 400
Memphis, TN  38119
(901) 576-1758
jhorowitz@glankler.com
jkahane@glankler.com

*Attorneys for HYC Logistics, Inc.*

## VERIFICATION

I, Uri Silver, duly authorized representative of Defendant, HYC Logistics, Inc., have reviewed the Answer, Affirmative Defenses, and Counterclaim filed on behalf of HYC Logistics, Inc., and under penalty of perjury, verify the same to be true to the best of my knowledge and belief, except for those manners alleged to be upon information of belief, and for those matters, I believe to be true.

_____
Uri Silver
January 26, 2026
Date
President
Title

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following by Operation of the Court's ECF system:

Adam Cooke
Fowler White Burnett, P.A.
201 South Biscayne Blvd., 20th Floor
Miami, FL 33131
acooke@fowler-white.com

Elliott Tuttle Williams, IV
Lennon, Murphy & Phillips, LLC
1599 Post Road E
Westport, CT 06880
elliott.williams@lmplaw.net

Patrick F. Lennon
Lennon, Murphy & Phillips, LLC
1599 Post Road E
Westport, CT 06880
plennon@lmplaw.net

/s/    Mahra Sarofsky
      Mahra Sarofsky